```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

```
BENNIE COY WILLIAMS and CARRIE  )
WILLIAMS,                       )
                                )
     Plaintiffs,                )
                                )
v.                              )        No. 09-2618
                                )
UNITED STATES OF AMERICA,       )
                                )
     Defendant.                 )
                                )
```

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is the government's January 25, 2010, Motion for Judgment on the Pleadings. (See Dkt. No. 9.) The government asserts that the Court should dismiss Plaintiffs Bennie Coy and Carrie Williams' medical malpractice Complaint because they failed to file a certificate of good faith. See Tenn. Code Ann. § 29-26-122(a)(1) (2010). (Government's Memorandum in Support of Its Motion for Judgment on the Pleadings at 1) ("Gov't Memo") Plaintiffs argue that the Tennessee statue requiring a certificate is inapplicable to claims brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq. (Plaintiffs' Amended Response in Opposition at 2-3) ("Pls' Resp.") The Court concludes that, in the circumstances presented, the Tennessee statue, as amended in

2009, is inapplicable to Plaintiffs' claim. Therefore, the government's Motion is DENIED.

### I. BACKGROUND

Plaintiff Bennie Coy Williams is a veteran of the United States Army who sought medical treatment at the Veterans Affairs Medical Center in Memphis, Tennessee (the "VA"). (Compl. ¶¶ 3-6.) On March 13, 2007, Williams underwent an echocardiogram at the VA. (Id. ¶ 6.) Following this procedure, doctors diagnosed Williams with aortic stenosis and coronary artery disease and referred him for cardiothoracic surgery. (Id. ¶ 7.) Doctors informed Williams on June 1, 2007, that he would need an aortic valve replacement. Williams decided to have his faulty valve replaced with a biologic, rather than a synthetic, valve. (Id. ¶ 8.)

Williams underwent surgery to implant the biologic valve replacement on June 5, 2007. (Id. ¶ 9.) Before his June 11 discharge from the VA, doctors determined that he had "some perivalvular leaks below his left main coronary sinus and significant, aortic insufficiency with diastolic flow reversal in the descending aortic." (Id. ¶ 10.) Doctors advised Williams that these problems would lessen with time and discharged him. Despite his physicians' assurances, on July 2, 2007, Williams returned to the VA for an exam after complaining of shortness of breath and frequent gagging. (Id. ¶ 11.) Three

2

days later, on July 5, VA doctors performed a left thoracentesis and drained nine hundred cubic centimeters of fluid from Williams until the procedure was halted because of Williams' constant coughing. (Id.) Six weeks after his initial surgery, Williams again complained to the VA of "feelings of fatigue and episodes of 'flip/flopping' in his chest." (Id. ¶ 12.) The VA did not treat Williams further to address perivalvular leakage despite his complaints and a subsequent July 26, 2007, appointment with the VA Nurse Clinic. (Id. ¶¶ 12-13.)

Unsatisfied, Williams scheduled an August 20, 2007, appointment with Dr. Joseph Weinstein, a cardiologist in private practice. (Id. ¶ 14.) Weinstein performed a more thorough evaluation on September 17, 2007, and diagnosed Williams with a "severe, possible wide open aortic insufficiency." (Id. ¶ 15.) Later tests revealed that surgery was necessary to correct leakage. (Id.) On October 15, 2007, Weinstein admitted Williams to Methodist Hospital North in Memphis for surgery to "redo" the aortic valve replacement. Williams was discharged from Methodist Hospital on October 22, 2007. (Id. ¶ 17.) Post-operative examinations revealed that the second surgery had reduced the leakage to "trace" levels. (Id. ¶ 18.)

Williams initiated his malpractice claim against the VA by filing the required Form S95 with the Department of Veterans Affairs on April 30, 2008. See 28 U.S.C. § 2675(a); 28 C.F.R. §

3

14.2(a).  The government denied his claim by certified letter on April 30, 2009.  (Compl. ¶ 2.)  Plaintiffs filed suit on September 22, 2009.  (Id. at 1.)  Williams seeks damages for the medical negligence of VA doctors, including the medical expenses from the second operation to repair the faulty replacement valve, future medical expenses, pain and suffering, and loss of quality of life.  (Id. ¶¶ 22-25.)  Williams' wife Carrie seeks damages for loss of consortium.  (Id. ¶ 29.)  Together, the Plaintiffs request compensatory damages of $1.6 million.  (Id. ¶ 29.)

    II.    **JURISDICTION AND STANDARD OF REVIEW**

This Court has jurisdiction over Plaintiffs' FTCA claim under 28 U.S.C. § 1346(b)(1).

"The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."  Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th Cir. 2009) (internal quotation marks and citation omitted).  In addressing a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true.  League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly,

4

550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555.) Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

5

**III.  ANALYSIS**

The government argues that Tennessee Code Annotated § 29-26-122 (the "Act") applies to the Williams' suit and requires dismissal.  (Gov't Memo at 1-2.)  Plaintiffs respond that this newly amended statute does not apply.  (Pls' Resp. at 3.)

The Act provides, in pertinent part:

> In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause.

Tenn. Code Ann. § 29-26-122(a) (2010).  The Governor signed the Act on June 11, 2009.  It contains the following language:  "[§ 29-26-122] shall take effect on July 1, 2009, and <u>shall apply only to those actions in which the required notice is given on or after July 1, 2009</u>, pursuant to Section 1, the public welfare requiring it."  2009 Tenn. Pub. Acts 425 § 4 (emphasis added).  The "Section 1" referred to in the bill is codified at Tennessee Code Annotated § 29-26-121.  It provides that "Any person . . . asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days

before the filing of a complaint. . . ." Tenn. Code. Ann. § 29-26-121(a)(1) (2010).

The Act requires the filing of a certificate of good faith with the initial complaint, but only in actions where the parties gave the written notice required by § 29-26-121(a)(1) <u>after</u> July 1, 2009. <u>See</u> 2009 Tenn. Pub. Acts 425 § 4. A plaintiff must give the required written notice of a potential claim for medical malpractice "at least" sixty days before he or she files suit. Tenn. Code. Ann. § 29-26-121(a)(1). The use of the phrase "at least" establishes that the sixty-day window is a minimum notice period. A plaintiff is free to give more than sixty-days' notice before filing suit, <u>see id.</u>, and the Act's text makes clear that whether the new certificate of good faith requirement applies depends on the date the plaintiff actually gave notice. <u>See</u> 2009 Tenn. Pub. Acts 425 § 4 (provision only applies "to those actions in which the required notice <u>is given</u> on or after July 1, 2009" (emphasis added)).

Here, it is undisputed that the Plaintiffs provided written notice of their potential claim to the Department of Veterans Affairs on April 30, 2008 – more than one year before the effective date of the Act. (<u>See</u> Pls' Resp. at 3 n.1; Compl. ¶ 2 (noting that the government denied the claim one year later on April 30, 2009)); <u>see also</u> 28 U.S.C. § 2675(a) (requiring that any "claim against the United States for money damages for . . .

7

personal injury" be presented first "to the appropriate Federal agency"). That Plaintiffs actually filed suit on September 22, 2009, after July 1, 2009, is of no consequence. See 2009 Tenn. Pub. Acts 425 § 4 (application to pending and future actions dependant on date plaintiffs gave written notice of potential claim). Because Plaintiffs gave the required notice before July 1, 2009, the current version of § 29-26-122 does not apply to this action, and Plaintiffs were not required to file a certificate of good faith contemporaneously with their Complaint.[1] See 2009 Tenn. Pub. Acts 425 § 4. The government's Motion for Judgment on the Pleadings is DENIED.

## IV.   CONCLUSION

The Act does not apply to Plaintiffs' action. Therefore, the government's Motion is DENIED.

So ordered this 12th day of May, 2010.

                                        s/ Samuel H. Mays, Jr.
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE

---

[1] The government's Motion refers only to the current version of § 29-26-122 and does not argue that any prior version of the statute applies. (See Gov't Memo at 1-2, 5-6.) The Court, therefore, declines to address the applicability of any prior version. See 2008 Tenn. Pub. Acts 919.